IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. TAPP, ) | |
| NO. K03142, and ) | |
| DAVID P. HOFFMAN, ) | |
| NO. N02738, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1309-SMY |
| ) | |
| JESSICA D. STOVER, ) | |
| C. THOMAS HOLT, ) | |
| DANIEL Q. SULLIVAN, and ) | |
| JOHN R. BALDWIN, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiffs Brian A. Tapp and David P. Hoffman, both inmates of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, bring this *pro se* action for deprivations of their constitutional rights pursuant to 28 U.S.C. § 1983.[1] Both Plaintiffs have been civilly confined under the Illinois Sexually Dangerous Persons Act ("SDP Act"), claim that Defendants have failed to provide them with mandated treatment, and challenge the constitutionality of the SDP Act. Plaintiffs seek declaratory relief, injunctive relief, and monetary damages.

Before the Court screens the Complaint pursuant to 28 U.S.C. § 1915A,[2] it is necessary to address some preliminary matters related to the attempt to jointly file this case as a group action.

---

[1] Both Plaintiffs have signed the Complaint and submitted motions for leave to proceed *in forma pauperis*.
[2] Sexually Dangerous Persons are subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.*; See *Kalinwoski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

1

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must caution them regarding the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21 and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on

every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be double what it would be if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take this ruling into account in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

In keeping with this suggestion, the Court offers each Plaintiff an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a

3

- separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign all documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[4] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## Disposition

**IT IS HEREBY ORDERED** that each Plaintiff shall advise the Court in writing on or before August 30, 2018, whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any Plaintiff advises the Court that he does not wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action.

**IT IS FURTHER ORDERED** that if either Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by August 30, 2018. His claims shall then be severed into a new action where a filing fee will be assessed and his

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

motion to proceed IFP shall be considered.

**Any Plaintiff who simply does not respond to this Order on or before** August 30, 2018**, will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**  The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under § 1915A.  As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 31, 2018**

s/ STACI M. YANDLE
United States District Judge