IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. TAPP, <br> NO. K03142, and <br> DAVID P. HOFFMAN, <br> NO. N02738, <br>         Plaintiffs, <br><br> vs. <br><br> JESSICA D. STOVER, <br> C. THOMAS HOLT, <br> DANIEL Q. SULLIVAN, and <br> JOHN R. BALDWIN, <br>         Defendants. | Case No. 18-cv-1309-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Brian A. Tapp and David P. Hoffman, both inmates of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), bring this *pro se* action for deprivations of their constitutional rights pursuant to 28 U.S.C. § 1983.[1] Both Plaintiffs have been civilly confined under the Illinois Sexually Dangerous Persons Act ("SDP Act"). Plaintiffs claim that Defendants have failed to provide them with mandated treatment, and challenge the constitutionality of the SDP Act. They seek declarative relief, injunctive relief, and monetary damages.

The Complaint is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to

---

[1] Both Plaintiffs signed the Complaint and submitted motions for leave to proceed *in forma pauperis*. On July 31, 2018, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 7). In the *Boriboune* Order, the Court warned Plaintiffs about the risks, obligations, and costs associated with group litigation. *Id*. On August 6, 2018, both Plaintiff's responded, acknowledging the Court's warnings and stating that they want to proceed with the group litigation. (Doc. 8).

1

state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

The defendants in this action are: Jessica Stover, who has been Plaintiffs' assigned primary therapist at BMRCC for several years; Thomas Holt, who oversees the SDP program ("SDPP") at BMRCC; John Baldwin, Director of IDOC and Plaintiffs' "legal guardian" as SDPs; and Daniel Sullivan, the BMRCC Warden. (Doc. 1, pp. 1-3). Plaintiffs are suing each of these defendants in his/her official capacity only, and seek declaratory and injunctive relief. (Doc. 1, p. 6).

Plaintiffs assert claims which are virtually identical to claims in two other actions pending before this Court: (1) *Howe, v. Holt*, Case No. 14-cv-844-SMY-RJD (*See* Docs. 10, 26 in that case) and (2) *Smith v. Stover,* Case No. 18-cv-1023-SMY-RJD (*See* Doc. 10 in that case). Specifically, Plaintiffs maintain Defendants have failed to provide them with adequate treatment as civilly committed SDPs. (Doc. 1, pp. 2-3). They allege that instead of providing them with a therapeutic atmosphere, their conditions of confinement exacerbate their mental illness. (Doc. 1, p. 3).

Plaintiff Tapp states that he has been diagnosed with a paraphilic disorder and a personality disorder. (Doc. 1, p. 4). He alleges he was admitted to the SDPP in 1997 and has completed the entire program. *Id.* Plaintiff Hoffman has also been diagnosed with a paraphilic disorder and a personality disorder. *Id.* Hoffman alleges he admitted to the SDPP in 1980 and has completed each group offered as part of the program – on multiple occasions. *Id.*

According to the Complaint, Plaintiffs do not receive individual treatment or treatment designed to effect their recovery. *Id.* They are currently receiving only 1 hour per week of

group therapy. *Id.* Because the group is so large, they often have to wait for 8-12 weeks before presenting "individual work." *Id.*

Plaintiffs allege that the SDPP is severely punitive, understaffed, underfunded, and has no standard of completion. *Id.* (Doc. 1, p. 5). They also object to the program's patient/staff ration (215/3), unavailable treatment modules, treatment protocols requiring participants to admit to criminal conduct, lack of any identifiable curriculum, the punitive nature of the program, and the lack of oversight, and abusive staff conduct. (Doc. 1, pp. 6-9).

Plaintiffs further allege that Stover, the lead therapist within the SDPP, is "severely punitive, [and] has an abusive attitude towards SDPs." (Doc. 1, p. 5). They claim that she fails to utilize professional judgment, fails to treat SDPs with care and concern as patients, and repeatedly interferes with the program's independent evaluation process. *Id.* Plaintiffs also allege that, under Holt's supervision, the SDPP has gone from providing them with 8-10 hours per week of treatment, access to social activities, and out-of-cell opportunities to 1 hour of group treatment per week, no social activities, and an average of 20 hours per day confined to their cells. (Doc. 1, p. 6).

Finally, Plaintiffs allege that Defendants Sullivan and Baldwin are aware of the allegedly unconstitutional SDPP policies and have condoned or turned a blind eye to them. *Id*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed

without prejudice.

    **Count 1**: Defendants have violated Plaintiffs' right to receive treatment as civilly committed sexually dangerous persons;

    **Count 2**: Defendants have violated Plaintiffs' right to receive treatment for their mental illnesses and disorders under the Fourteenth Amendment;

    **Count 3**: Defendants Holt, Sullivan, and Baldwin violated Plaintiffs' rights under the Fourteenth Amendment by failing to adequately train or supervise employees regarding the proper care and treatment for a SDP who is civilly committed due to mental disorder;

    **Count 4**: Defendants have violated Plaintiffs' liberty interests under the Fourteenth Amendment by subjecting them to a severely punitive environment.

Counts 1-4 are identical to the claims that survived preliminary review in *Smith v. Stover*, Case No. 18-cv-1023-SMY-RJD. (*See* Doc. 10 in that case). Accordingly, the Court adopts and incorporates its reasoning and analysis set forth relative to those claims in its Memorandum and Order (See Doc. 10 in 18-cv-1023-SMY-RJD), and Counts 1-4 in the instant case shall receive further review.

## Pending Motions

Plaintiffs' Motions for Leave to Proceed *in Forma Pauperis* (Docs. 2 and 3) shall be addressed in a separate order.

Plaintiffs' Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**. Service on the Defendants shall be ordered below.

## Disposition

**IT IS ORDERED THAT** the Clerk of Court shall prepare for Defendants **STOVER**, **HOLT**, **BALDWIN**, and **SULLIVAN** (in their official capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that their applications to proceed in forma pauperis have been granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff are ADVISED that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2018**

s/ STACI M. YANDLE
United States District Judge
