IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. TAPP and ) | |
| DAVID P. HOFFMAN, ) | |
|  ) | |
|    Plaintiffs, ) | |
|  ) | Case No. 18-cv-1309-SMY-RJD |
| v. ) | |
|  ) | |
| JESSICA STOVER, et al. ) | |
|  ) | |
|    Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiffs' Motion to Compel (Doc. 44), to which Defendants filed a Response (Doc. 45) and Plaintiff Brian Tapp filed a Reply (Doc. 46). Plaintiffs also filed a Second Motion to Compel (Doc. 58). Defendants filed a Response (Doc. 66). As explained further, Plaintiffs' Motions are **DENIED IN PART** and **GRANTED IN PART**.

**Background**

Plaintiffs Brian Tapp and David Hoffman are inmates of the Illinois Department of Corrections. They are civilly committed as sexually dangerous persons at Big Muddy River Correctional Center ("BMRCC"). After the Court conducted a threshold review of Plaintiffs' Complaint pursuant to 28 U.S.C. §1915A, Plaintiffs' suit proceeded on the following claims:

    Count One:   Defendants have violated Plaintiffs' rights to receive treatment as civilly committed sexually dangerous persons.

    Count Two:   Defendants have violated Plaintiffs' rights to receive treatment for their mental illnesses under the Fourteenth Amendment.

    Count Three:  Defendants Holt, Sullivan, and Baldwin violated Plaintiffs' rights under the Fourteenth Amendment by failing to adequately train or

                supervise employees regarding the proper care and treatment for SDP who are civilly committed due to mental disorders.

Count Four:    Defendants have violated Plaintiffs' liberty interests under the Fourteenth Amendment by subjecting them to a severely punitive environment.

Plaintiffs sent Defendants two sets of Requests for Production. The Second Requests for Production were mailed to Defendants on or around November 3, 2019. When Defendants had not responded by February 19, 2020, Plaintiffs filed their First Motion to Compel. Defendants sent Plaintiff their Responses to the Second Requests for Production on March 10, 2020 and filed a Response to Plaintiff's Motion to Compel on that same date, contending that the Motion to Compel was now moot. Six days later Plaintiff Brian Tapp filed a Reply to Defendants' Response, asking the Court to find that Defendants' objections to the Second Requests for Production were waived because of their untimeliness. However, it appeared from Plaintiff Tapp's Reply that he not yet received Defendants' Responses.

The Court ordered Plaintiffs to file an additional Response with the Court stating whether they were satisfied with Defendants' responses after receiving them. Plaintiffs' Response (Doc. 50) stated that they were not satisfied and asked the Court to overrule Defendants' objections and provide additional information to Requests #2, #5, #6, #7, and #8 of the Second Requests for Production. Plaintiffs attached a copy of Defendants' responses to the Second Requests for Production to Doc. 50. The Court ordered Defendants to respond to the issues raised by Plaintiffs in Doc. 50. Defendants did so by supplementing their Responses to Plaintiffs' Second Requests for Production and filing a Notice of Compliance with the Court (Doc. 55). Because the Court could not tell from Defendants' Notice of Compliance whether Defendants had addressed Plaintiff's objections to their original Responses, the Court ordered Defendants to file a

Response with the Court specifically addressing the propriety of their Supplemental Responses to Requests #2, #5, #6, #7, #8 in Plaintiffs' Second Requests for Production, and to attach Defendants' Original and Supplemental Responses to the Response filed with the Court. Defendants filed a Notice of Statement of Compliance and attached their Supplemental Responses and Second Supplemental Responses to the Notice but did not attach their original Responses. (Doc. 57). However, the Court was able to review Defendants' original Responses because Plaintiffs attached them to one of the pleadings they submitted to the Court (Doc. 50).

Plaintiffs then filed a Second Motion to Compel which related, in part, to their continuing objections to Defendants' Responses to the Second Requests for Production. Plaintiffs also ask the Court to compel Defendants' answers to Interrogatories that Plaintiffs sent to Defendants in February 2020. Defendants filed a Motion for Extension of Time to Respond to Plaintiffs' Second Motion to Compel. The Court granted Defendants' motion and allowed Defendants an additional five days to respond to the Motion, noting that Defendants should address in their Response 1) the length of time needed to complete their answers to Plaintiff's Interrogatories; 2) a response to Plaintiffs' arguments regarding Addendum A referred to in Request #5 of Plaintiffs' Second Requests for Production; and 3) a response to any other arguments raised by Plaintiffs in their Second Motion to Compel that Defendants wished to address.

In their response to Plaintiffs' Second Motion to Compel, Defendants argue that this Court should deny Plaintiffs' Second Motion to Compel because Plaintiffs failed to attempt to confer with defense counsel regarding the motion. Most of the arguments raised by Plaintiffs in their Second Motion to Compel related to Defendants' responses to Requests #2, #5, #6, #7, #8 in Plaintiffs' Second Requests for Production. By the time this Order is entered, Defendants have been given *four* opportunities to address these arguments. Plaintiffs also allowed Defendants an

additional four months to respond to their Interrogatories before asking the Court to compel Defendants to respond. Judicial economy would not be served by denying Plaintiffs' Second Motion to Compel simply because Plaintiffs did not attempt to confer with defense counsel before filing the motion.

**Request #2: Complete SDP Treatment Program Files for Brian A. Tapp and David Hoffman. This should include but not be limited to the following:**

> A) **All assignments, evaluations, treatment group notes, any certificates awarded for completion of a specific group.**

Defendants represent to the Court that they have provided to Plaintiffs the entirety of their treatment records, minus "case notes" prior to 2014. Defendants explain that the case notes consist of handwritten notes made during group treatment that includes confidential information related to other inmates in the SDP program. Defendants contend that it would be unduly burdensome to redact those notes and difficult to ensure that all protected information is redacted. Plaintiffs have been given the opportunity to present multiple pleadings to this Court related to their Motion to Compel, and none of those pleadings contain any information that would support a finding that the burden of producing Plaintiffs' case notes prior to 2014 is proportional to the needs of this case.

Plaintiffs also contend in their Second Motion to Compel that they have direct knowledge that Defendants did not produce all of Plaintiffs' assignments and certificates. However, Plaintiffs did not share that direct knowledge with the Court. Defendants represent to the Court that they have provided to Plaintiffs their entire treatment records, and the Court has not been given any evidence or information to find that Defendants are being dishonest when they make this representation. Defendants further represent to the Court that they specifically requested Plaintiffs' completed assignments and certificates and will supplement their Responses if any

such documents are located.

**Ruling:** The Court finds that Defendants sufficiently answered Request #2(A). Plaintiff's request to compel any further response to this request is **DENIED**.

> **B) A complete list of all groups attended, completed, who facilitated the groups, and the purpose and objective of each group completed spanning the entirety of each Plaintiffs' term of civil commitment.**

Defendants produced to Plaintiffs' their treatment group lists since 2011. The Court agrees with Defendants that because Plaintiffs are alleging that they are currently receiving ineffective treatment, nine years' worth of information related to Plaintiffs' treatment groups is sufficient.

**Ruling**: The Court finds that Defendants sufficiently answered Request #2(B). Plaintiff's request to compel any further response to this request is **DENIED**.

**Request #5: A copy of "Addendum A" which contains Scales (7-12) of the Semi-Annual Evaluation, as referenced directly on the Semi-Annual Evaluation.**

The Court could not determine what "Addendum A" was from Plaintiff's Motion to Compel, Defendants' Response, Plaintiff's Reply, or Defendants' first Notice of Statement of Compliance (Doc. 55), so the Court ordered Defendants to explain why its Response to Request #5 was appropriate. Defendants' explanation to the Court consisted of the same statement they provided to Plaintiffs: "Defendants have again directed Plaintiffs to Bates stamped document 866, which is the appropriate tool utilized in evaluating offenders even though it is not labeled as "Addendum A…Defendants have provided the Plaintiffs with the relevant evaluation information." This statement left the Court to wonder whether Document 866 is Addendum A, and just not labeled "Addendum A", or if Addendum A exists, or if Addendum A is no longer kept at BMRCC.

Plaintiffs' Second Motion to Compel provided the Court with a document that refers to "Addendum A" (Exhibit 1 to Doc 58). The Court agrees with Plaintiffs that the document to which Defendants reference, bates #866, does not appear to fit the description of Addendum A provided on Exhibit 1 of Doc. 58. In their Response to Plaintiffs' Second Motion to Compel, Defendants argue that Addendum A is not relevant because BMRCC does not use Addendum A. Defendants never objected to this request, nor did they ever explain to Plaintiffs that Addendum A is not used at BMRCC in their original or supplemental responses to the Second Requests for Production.

Moreover, Defendants' relevance argument is not well-taken. Plaintiffs argue that they are not receiving effective treatment at BMRCC. Defendants produced a document titled "Semi Annual Evaluation" in response to a request for "the current Semi-Annual Evaluation used by the SDP program." The "Semi Annual Evaluation" document produced by Defendants refers to Addendum A. Simply because BMRCC does not use Addendum A does not make Addendum A any less relevant, when BMRCC is using an evaluation that calls for its use.

**Ruling**: Defendants are **ORDERED** to produce Addendum A, referred to in Request #5 of Plaintiff's Second Requests for Production, on or before **SEPTEMBER 28, 2020**.

**Request #6: All program policy manuals, training manuals, new hire training manuals (program specific), and any other document which outlines program specific policies or objectives.**

Plaintiffs report that they have not received any training manuals, new hire training manuals, or program specific policies from Defendants. Defendants represent that they have produced all documents known to be in existence that are responsive to this request. The Court has no reason to believe training manuals, new hire training manuals, or program specific policies exist but Defendants are withholding them.

**Ruling:** The Court finds that Defendants sufficiently answered Request #6. Plaintiff's request to compel any further response to this request is **DENIED**.

**Request #7: All documents related to program specific funding, i.e., program budget, allotment for each SDP, expenditures since January 1, 2015, that benefitted the program directly.**

Defendants informed Plaintiffs that the SDP program is part of the general budget for BMRCC and provided information to Plaintiffs regarding the average cost to house an offender at BMRCC. Defendants also raised multiple objections to this Request. The Court agrees that as this Request is written ("all documents related") it is not proportional to the needs of the case.

**Ruling**: The Court finds that Defendants sufficiently responded to Request #7. Plaintiff's request to compel any further response to this request is **DENIED**.

**Request #8: Curriculum vitaes for each SDP program employee.**

Defendants object that this request seeks personal and private information that if disclosed, could present safety and security concerns. Defendants contend that information like an employee's home address, home phone number, social security number, identity of family members, personal tax returns, and personal banking information raise security concerns, and the Court agrees. In Doc. 50, Plaintiffs indicated that they are not seeking this type of information.

The Court anticipates that Defendants can produce curriculum vitaes of SDP program employees without disclosing their tax returns, bank information, social security numbers, etc. Defendants produced the CVs for Defendant Jessica Stover and Defendant Sarah Brown-Foiles and explained to the Court that they did so because Defendants Stover and Brown-Foiles provide treatment to Plaintiffs. On the other hand, Defendants contend that Defendant Jeffreys (Director of IDOC) and Defendant Sullivan (BMRCC Warden) do not provide treatment to Plaintiffs, so their CVs have limited relevance. The Court agrees.

In their Second Motion to Compel, Plaintiffs respond that neither Defendant Stover nor Defendant Brown-Foiles provide treatment to them. Plaintiffs explain that employees Heather Wright and Christopher Smith *do* provide treatment to them. Because one of the central issues in Plaintiffs' suit is whether they are receiving adequate treatment for their mental conditions, the Court finds that the qualifications of their providers is relevant. To the extent that the CVs contain sensitive, personal information like the names of their family members, home addresses, or phone numbers, those items can and should be redacted.

**Ruling**: Defendants are **ORDERED** to produce Heather Wright's and Christopher Smith's CVs or resumes, if Defendants have such documents, on or before **SEPTEMBER 28, 2020**. Defendants shall redact Heather Wright's and Christopher Smith's home addresses, names of family members, phone numbers, social security numbers, and similar sensitive, personal information.

**Interrogatories**

Plaintiffs inform the Court that they served Interrogatories on Defendants in February 2020. Plaintiffs then gave Defendants an additional four months to respond to those Interrogatories before asking the Court to compel the Defendants to answer. Defendants then asked the Court to grant them an extension of time to file a Response to the Second Motion to Compel. The Court gave Defendants an additional five days to file a Response and ordered Defendants to tell the Court in their Response the amount of time they needed to respond to Plaintiffs' Interrogatories. Defendants did not do so. Instead, they filed a Motion for Protective Order, asking the Court to strike the previously served Interrogatories. In their Motion, Defendants claim the Interrogatories are duplicative and the large number of discovery requests are "repetitive, oppressive, and cause undue hardship on the defendants." Apart from making this

assertion in their Motion for Protective Order, Defendants provide no other information to the Court regarding Plaintiffs' Interrogatories.[1]

Approximately six months have now passed since Plaintiffs sent Defendants these Interrogatories. Defendants failed to give the Court any information regarding the amount of time they need to complete their responses. Defendants have simply referred the Court to their Motion for Protective Order, which gives the Court no specific details as to why the Court should strike Plaintiffs' Interrogatories. Accordingly, Defendants are **ORDERED** to respond to Plaintiffs' Interrogatories on or before **SEPTEMBER 28, 2020**. At that point, Defendants will have been allowed a total of seven months to respond to Plaintiffs' Interrogatories.

**IT IS SO ORDERED.**

**DATED:   August 27, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Defendants state that at some point, they will move to supplement their Motion for Protective Order with copies of Plaintiffs' discovery requests.