**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRIAN A. TAPP, and | ) | |
| DAVID P. HOFFMAN, #N02738 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 3:18-cv-01309-SMY |
| | ) | |
| JESSICA D. STOVER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Plaintiffs' Motion for a Preliminary Injunction. (Doc. 75). Plaintiffs seek an order that Defendant Rob Jeffreys have all 170 SDPs evaluated by an independent evaluator who is not currently or previously associated with the Illinois Department of Corrections ("IDOC"). Defendants filed a response opposing the motion (Doc. 80) and Plaintiffs filed a supplement to their motion (Doc. 81).

## BACKGROUND

Plaintiffs Brian A. Tapp and David P. Hoffman filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of their constitutional rights and challenging the constitutionality of the Illinois Sexually Dangerous Persons Act ("SDP Act"). At the time the Complaint was filed, both Plaintiffs were civil detainees classified as "sexually dangerous persons" ("SDPs") under the SDP Act and confined in the Big Muddy River Correctional Center Sexually Dangerous Persons Program ("SDPP"). Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiffs were allowed to proceed on the following claims:

Count 1:    Defendants have violated Plaintiffs' rights to receive treatment as
           civilly committed sexually dangerous persons.

1

Count 2:       Defendants have violated Plaintiffs' rights to receive treatment for their mental illnesses under the Fourteenth Amendment.

Count 3:       Defendants Holt, Sullivan, and Baldwin violated Plaintiffs' rights under the Fourteenth Amendment by failing to adequately train or supervise employees regarding the proper care and treatment for SDP who are civilly committed due to mental disorders.

Count 4:       Defendants have violated Plaintiffs' liberty interests under the Fourteenth Amendment by subjecting them to a severely punitive environment.

In their motion for preliminary injunction, Plaintiffs allege that discovery has revealed deficiencies in Defendant Stover's training and in the evaluation process for SDPs at Big Muddy. They further allege that the methods being utilized in the SDP program lack professional judgment. Because the evaluations are used to determine whether a SDP is ready for release, Plaintiffs seek an independent evaluation for all the SDPs confined at Big Muddy by an individual who is not currently or previously associated with the IDOC.[1]

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). A party seeking a preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). If the movant makes this threshold showing, the court must consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the "public

---

[1] In the supplement to their motion, Plaintiffs allege that the SDPP is in a "constant state of insufficiency and crisis" that jeopardizes the lives and liberty of all the SDPs (Doc. 81).

interest." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

Mandatory preliminary injunctions – those "requiring an affirmative act by the defendant" – are "ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d at 818. Additionally, pursuant to the Prison Litigation Reform Act, a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm… and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Plaintiffs' request seeks relief for individuals who are not parties to this litigation, and therefore, exceeds the scope of the Complaint in this case. *See Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (injunctive relief is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying suit). Therefore, the request for an independent evaluation for all 170 SDPs at Big Muddy will be denied. Further, since the filing of the motion, Plaintiff Tapp has been released. Thus, the request will be denied as moot as it pertains to him. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). This leaves the issue of whether Plaintiff Hoffman has made a clear showing that he is entitled to the relief sought.

Interim injunctive relief is only available if the plaintiff will suffer irreparable harm before final judgment is entered. *Roland Mach. Co.*, 749 F.2d at 386. "[H]arm is considered irreparable if it 'cannot be prevented or fully rectified by the final judgment after trial.'" *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017). In the Complaint, Hoffman seeks adequate treatment as a civilly committed sexually dangerous person. In the motion for preliminary injunction, he indicates the irreparable harm he will suffer is the continuing deprivation of his liberty. To the extent he is seeking an independent evaluation for purposes of determining whether he should be released, the relief sought is outside the scope of

3

the Complaint.  He does not claim he will suffer any other irreparable harm absent injunctive relief.

Additionally, Hoffman fails to make a sufficient showing of likelihood of success on the merits of the claims asserted in the Complaint.  A "possibility of success is not enough" and "[n]either is a better than negligible chance." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (internal citations omitted).  Rather, "a strong showing" of a likelihood of success on the merits "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763.  Here, Hoffman alleges only that "Plaintiffs believe they have fair ground for litigation."

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 10, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**