IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. TAPP, and ) <br> DAVID P. HOFFMAN, #N02738 ) <br> ) <br>              **Plaintiffs,** ) <br> vs. ) <br> ) <br> JESSICA D. STOVER, et al, ) <br> ) <br>              **Defendants.** ) | Case No. 3:18-cv-01309-SMY |

# ORDER

Plaintiffs Brian A. Tapp and David P. Hoffman filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of their constitutional rights and challenging the constitutionality of the Illinois Sexually Dangerous Persons Act ("the SDP"). At the time the Complaint was filed, both Plaintiffs were civil detainees classified as "sexually dangerous persons" under the SDP and were confined in the Big Muddy River Correctional Center Sexually Dangerous Persons Program. They sued the Defendants in their official capacities and seek declaratory and injunctive relief.

Tapp filed a notice of change of address with the Court, stating that he was released on June 7, 2021. (Doc. 90). Subsequently, the Court issued an Order for Tapp to show cause in writing on or before August 23, 2021 why his claims should not be dismissed as moot. (Doc. 93). He was warned that failure to respond to the Order would result in the dismissal of his claims without further notice. (*Id.*).

Tapp has not filed a response to the Order to Show Cause. Because his claims are moot, they must be dismissed. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (finding prisoner's transfer to another prison rendered his request for declaratory and injunctive relief moot and directing the district court on remand to

dismiss the claims). Accordingly, Plaintiff Tapp's claims are **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly at the close of the case.

    **IT IS SO ORDERED.**

    **DATED: September 20, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
