**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID P. HOFFMAN, #N02738** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 3:18-cv-01309-SMY** |
| | ) | |
| **JESSICA D. STOVER,** | ) | |
| **DANIEL SULLIVAN,[1]** | ) | |
| **SARAH BROWN-FOILES, and** | ) | |
| **ROB JEFFREYS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56. (Doc. 102). Plaintiff David P. Hoffman filed a response in opposition (Doc. 105). For the following reasons, summary judgment will be **GRANTED**.

## Background

Plaintiff David P. Hoffman filed the instant lawsuit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights and challenging the constitutionality of the Illinois Sexually Dangerous Persons Act ("SDPA"). (Doc. 1). Plaintiff is a civil detainee classified as a "sexually dangerous person" ("SDP") under the SDPA and has been confined in the Big Muddy River Correctional Center Sexually Dangerous Persons Program ("SDPP") since 1980. He alleges that Defendants have failed to provide him with adequate treatment to facilitate his eventual release from custody and claims his conditions of confinement exacerbate his mental illness instead of

---

[1] Defendants' motion notes that Greg Morgenthaler is now the Warden of Big Muddy River Correctional Center, replacing former warden Daniel Sullivan who was sued in his official capacity. (Doc. 102, p. 1).

1

providing a therapeutic atmosphere.  (Doc. 1, p. 3).

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was

allowed to proceed on the following claims:

<div style="margin-left: 2em;">

Count 1:    Defendants have violated Plaintiff's right to receive treatment as a civilly committed sexually dangerous person.

Count 2:    Defendants have violated Plaintiff's right to receive treatment for his mental illness under the Fourteenth Amendment.

Count 3:    Defendants Holt, Sullivan, and Baldwin violated Plaintiff's rights under the Fourteenth Amendment by failing to adequately train or supervise employees regarding the proper care and treatment for SDPs who are civilly committed due to mental disorders.

Count 4:    Defendants have violated Plaintiff's liberty interests under the Fourteenth Amendment by subjecting him to a severely punitive environment.

</div>

(Doc. 9).

## Discussion

As a threshold issue, Defendants claim that Plaintiff failed to exhaust his administrative

remedies before filing suit. They further assert that Plaintiff has failed to demonstrate that

Defendants violated his rights as set forth in Counts 1-4 above.

Summary judgment is proper only if the moving party can demonstrate "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a); *see Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012).  Once a

properly supported motion for summary judgment is filed, the adverse party "must set forth

specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248;

*accord Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a lawsuit about prison conditions until he has first exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). An attempt to exhaust administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 536-37 (7th Cir. 1999). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).

To properly exhaust his administrative remedies, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

The Illinois Administrative Code, 20 ILL. ADMIN. CODE § 504.800, *et seq.*, sets forth the grievance procedure for inmates in the Illinois Department of Corrections ("IDOC"). A grievance must be filed within 60 days after the discovery of the incident or problem, and is reviewed by the inmate's counselor, the facility grievance officer, and the Warden/Chief Administrative Officer. If the prisoner is not satisfied with the outcome at the institutional level, he must appeal to the Administrative Review Board ("ARB") within 30 days. The ARB's decision is the final step in the process.

Defendants identify two grievances filed by Plaintiff relevant to his claims in this lawsuit: Grievance No. 17-5-18 filed May 2, 2018, requesting eight hours of therapy weekly, and Grievance No. 129-4-19 filed April 29, 2019, requesting eight hours of therapy weekly. (Doc. 103, p. 5; Doc. 103-10, pp. 31-34, 40-43). Plaintiff exhausted both grievances, but the final action by the ARB occurred *after* he filed this lawsuit. The ARB denied Grievance No. 17-5-18 on August 7, 2018

3

after Plaintiff appealed it on June 21, 2018.  (Doc. 103-10, pp. 40-43).  Plaintiff filed Grievance No. 129-4-19 ten months after he filed this case.  While Plaintiff maintains that he exhausted the grievance procedure before filing suit, it is clear from his supporting documentation that he did not receive a final decision from the ARB on any grievance before he filed suit on June 21, 2018.

Plaintiff also attached a copy of Grievance No. 18-5-18 to his response.  He submitted that grievance on May 2, 2018, complaining that he was not given the same access to jobs and other opportunities as general population inmates.  (Doc. 105, pp. 5-8).  But the ARB did not rule on this grievance until July 19, 2018… again after Plaintiff filed this case.  There is no other evidence of record indicating that he timely exhausted his claims.

While it is true that Plaintiff did not exhaust any relevant grievances before he filed this case, it is also true that Defendants did not present this affirmative defense at the proper time as set forth in the Court's Scheduling Order, which required that any motion raising the exhaustion defense be filed by September 30, 2019.  (Doc. 34, p. 2; Doc. 38).  Defendants did not file their motion or request an extension of time to do so by the deadline, and discovery on the merits ensued. The motion presently before the Court was filed in March 2022.

Citing *White v. Bukowski*, 800 F.3d 392, 394 (7th Cir. 2015), Defendants argue that their failure to "press the issue of exhaustion" before commencing merits discovery "does not necessarily imply forfeiture of the defense" and they should be allowed to raise it now because their delay has not harmed Plaintiff.  (Doc. 103, p. 10).  The more salient authority, however, is found in *Bowman v. Korte*, 962 F.3d 995, 996 (7th Cir. 2020), which directs that a court should not extend a deadline for filing a summary judgment motion on exhaustion unless the movant demonstrates good cause and "excusable neglect" for the failure to timely file the motion. *Bowman*, 962 F.3d. at 997-98 (quoting FED. R. CIV. P. 6(b)(1)(B)).

4

Like the tardy party in *Bowman*, Defendants offer *no* explanation, let alone a meaningful one, for their nearly two-and-a-half-year delay in filing their motion raising failure to exhaust.  In the absence of any indication of good cause or excusable neglect for the delay, the Court would be on solid ground to conclude that Defendants have waived the non-exhaustion defense. *See Bowman*, 962 F.3d at 997-98; *Kruger v. Baldwin*, No. 19-CV-268-RJD, 2023 WL 130422, at *4 (S.D. Ill. Jan. 9, 2023) (court would not consider non-exhaustion defense where defendants filed motion over two years late); *Harris v. Cnty. of Cook*, No. 19-CV-4598, 2022 WL 425716, at *7 (N.D. Ill. Feb. 11, 2022) (defendants forfeited exhaustion defense by raising the issue too late with no explanation for the delay).  And their contention that Plaintiff was not prejudiced by the delay ignores the fact that all plaintiffs, including prisoner plaintiffs, are entitled to prosecute their claims unfettered by delays occasioned by unexplained foot-dragging by the opposing parties.

If the exhaustion issue in this case required the Court to resolve disputed issues of material fact, the Court would reject Defendants' belated attempt to raise the issue.  However, the facts conclusively demonstrate that Plaintiff failed to exhaust any grievance related to his claims before he filed suit.  The Court cannot ignore the statutory mandate that "[n]o action shall be brought with respect to prison conditions" until available administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  Accordingly, summary judgment will be granted based on Plaintiff's failure to exhaust his administrative remedies.[2]

### Disposition

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 102) is **GRANTED** on the grounds that Plaintiff failed to exhaust his administrative remedies, and this case is **DISMISSED without prejudice**.  All pending motions are **TERMINATED as MOOT**.

---

[2] Having reached this conclusion, the Court need not address the question of whether Defendants are entitled to summary judgment on the merits of Plaintiff's claims.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

       **IT IS SO ORDERED.**

       **DATED: March 27, 2023**

<div align="right">

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

</div>